R. Daniel Fleck (WSB # 6-2668)
Alicia B. Evans (WSB #8-6907)
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, Wyoming 83001
(307) 733-7290
fleck@spencelawyers.com
evans@spencelawyers.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING**

| | |
|---|---|
| SIMON SOTO and MARIA SOTO,<br><br>Plaintiffs,<br><br>v.<br><br>DANT CLAYTON CORPORATION, *a Kentucky corporation,* HANSON SPORTS, LLC, *a Missouri limited liability company,* KEVCO CONSTRUCTION & DESIGN, *a Nevada sole proprietorship,*<br><br>Defendants. | **COMPLAINT**<br><br>Civil Case No._____ |

Plaintiffs, Simon Soto and Maria Soto, by and through counsel, R. Daniel Fleck and Alicia B. Evans of THE SPENCE LAW FIRM, LLC plead and allege against Defendants as follows:

**I.   PARTIES**

1. Plaintiff Simon Soto is a citizen of Utah, residing in Cache County, Utah.

2. Plaintiff Maria Soto is a citizen of Utah, residing in Cache County, Utah.

3. On or about August 21, 2023, Plaintiff Simon Soto was severely injured when he fell approximately thirteen feet to the ground while working as an independent contractor for Defendants Dant Clayton Corporation, Hanson Sports, LLC, and Kevco Construction & Design.

*Defendant Dant Clayton Corporation*

4. Defendant Dant Clayton Corporation (hereinafter "Dant Clayton Corp.") is a Kentucky corporation.

5. Upon information and belief, Dant Clayton Corp.'s principal place of business in Kentucky is located at 1500 Bernheim Lane, Louisville, Kentucky 40210.

6. The name and address of Defendant Dant Clayton Corp.'s registered agent in Kentucky is Bruce Merrick at 1500 Bernheim Lane, Louisville, Kentucky 40210.

7. The name and address of Defendant Dant Clayton Corp.'s registered agent in Wyoming is Corporation Service Company at 1821 Logan Avenue, Cheyenne, Wyoming 82001.

8. As a corporation, Defendant Dant Clayton Corp. can act only through its officers, directors, employees, and agents. Defendant Dant Clayton Corp. is vicariously liable for the negligent acts and omissions of its officers, directors, agents, and employees who were acting within the course and scope of their office, employment, or agency at the time of such acts or omissions.

*Defendant Hanson Sports, LLC*

9. Defendant Hanson Sports, LLC (hereinafter "Hanson Sports") is a Missouri Limited Liability Company.

10. The name and address of Defendant Hanson Sports' registered agent is Brian Hanson at 10716 Lancaster Road, Liberty, Missouri 64066-7998.

11. As a limited liability company, Defendant Hanson Sports acts only through its members, managers, employees, and agents. Defendant Hanson Sports is vicariously liable for the negligent acts and omissions of its officers, directors, agents, and employees who were acting within the course and scope of their office, employment, or agency at the time of such acts or omissions.

*Defendant Kevco Construction & Design*

12.     Defendant Kevco Construction & Design (hereinafter "Kevco") is a sole proprietorship based in Henderson, Nevada.

13.     Defendant Kevco's sole proprietor is Kevin Lee Robinson.

14.     Upon information and belief, Kevin Lee Robinson is and was at all material times a resident of Nevada.

15.     Defendant Kevco is vicariously liable for the negligent acts and omissions of its officers, directors, agents, and employees who were acting within the course and scope of their office, employment, or agency at the time of such acts or omissions.

16.     This Complaint is brought against all employees, agents, officers, directors, managerial agents, supervisors, and/or safety personnel of each and every Defendant involved in this incident.

17.     At all material times, each and every Defendant had an independent responsibility for Plaintiff Simon Soto's safety and work conditions.

## II.     JURISDICTION

18.     Plaintiffs incorporate and adopt by reference all facts and allegations above as though fully set forth herein.

19.     Jurisdiction is proper under 28 U.S.C. § 1332 because this suit is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

20.     Venue is proper under 28 U.S.C. § 1391 because Plaintiff's claims arose within the District of Wyoming.

21. This Court has personal jurisdiction over Defendants because they purposefully directed activities at residents of Wyoming and the acts and omissions that gave rise to this action occurred in Uinta County, Wyoming.

### III.   FACTUAL ALLEGATIONS

22. Plaintiffs incorporate and adopt by reference all facts and allegations above as though fully set forth herein.

*The Defendants' Relationship*

23. Tim Ritchie, Area Manager for Hanson Sports, submitted a Request for Proposal for the design, construction, manufacturing, and installation of the bleachers for the Uinta County fairgrounds in Evanston, Wyoming (hereinafter referred to as "the Uinta County job").

24. Uinta County contracted with Defendant Hanson Sports and Defendant Dant Clayton Corp. for the Uinta County job.

25. Upon information and belief, Defendant Dant Clayton Corp. and Defendant Hanson Sports merged as partners to act as the general contractors for the Uinta County job.

26. Defendant Dant Clayton Corp. designed and manufactured the bleacher systems for the Uinta County job and Hanson Sports provided the construction management and installation for the job.

27. Upon information and belief, Defendants Hanson Sports and Dant Clayton Corp. contracted the installation work for the Uinta County job to Defendant Kevco.

28. Defendant Kevco acted as the main subcontractor of Defendant Hanson Sports for the bleachers' flooring and seating installation.

29. Defendant Kevco contracted Plaintiff Simon Soto as an independent contractor to help install the bleachers for the Uinta County job.

30. Plaintiff Simon Soto worked under the direction and supervision of Defendants Hanson Sports, Dant Clayton Corp., and Kevco.

31. On August 21, 2023, Matt (last name unknown) was present on the job site as the main foreman for Defendant Hanson Sports and was responsible for the safe operation of the Uinta County job, including the safety of all personnel at the job site.

32. On August 21, 2023, Tim Ritchie and Joel Ritchie were present on the job site on behalf of Defendant Hanson Sports and were responsible for the safe operation of the Uinta County job, including the safety of all personnel at the job site.

33. On August 21, 2023, Kevin Robinson on behalf of Kevco was present on the job site on behalf of Defendant Kevco and was responsible for the safe operation of the Uinta County job, including the safety of all personnel at the job site.

*The Installation Process*

34. The steel and aluminum materials were supposed to be delivered to the job site and moved to the laydown area, which was outside the scope of Plaintiff Simon Soto's job responsibilities.

35. All the concrete piers and anchor bolts were to be set to the proper height and checked using a laser level, which was outside the scope of Plaintiff Simon Soto's job responsibilities.

36. The lower-level aluminum planking was supposed to be placed on the steel structure and secured with bolt, nut, and clip assemblies, which was outside the scope of Plaintiff Simon Soto's job responsibilities.

37. Proper installation required the stairs, ramps, and remaining walk boards to be placed and secured, which was outside the scope of Plaintiff Simon Soto's job responsibilities.

38. The aluminum risers, seat brackets, and seat planks were supposed to be bolted into place, which was outside the scope of Plaintiff Simon Soto's job responsibilities.

39. Proper installation required Hanson Sports, Dant Clayton Corp., and/or Kevco to put the aluminum floorboards down, tighten down fasteners, and bolt/clamp them down to ensure they were safe, which fell outside the scope of Plaintiff Simon Soto's job responsibilities.

*August 21, 2023, Incident*

40. The contract required Defendants to complete the Uinta County job by June 1, 2023.

41. Defendants fell significantly behind on the Uinta County job.

42. By August 2023, the job was not yet complete.

43. On August 21, 2023, the Evanston Labor Day Rodeo was a few days away and Defendants were rushing to complete the Uinta County job.

44. Because of the time crunch, Defendant Hanson Sports brought in another crew to assist Defendant Kevco with bleacher and flooring installation.

45. Defendant Dant Clayton Corp. delivered aluminum floorboards that were not cut correctly.

46. The aluminum floorboards were supposed to be delivered pre-cut and properly angled.

47. The uncut panels from Dant Clayton Corp. interrupted the workflow where Hanson Sports' and/or Kevco's employees needed to recut and refit each inside corner panel to ensure they could be properly put down.

48. This interruption caused many of the aluminum floorboards to be laid down out of sequence.

49. Moreover, this interruption caused Hanson Sports' and/or Kevco's employees to put down an aluminum floorboard which they left unbolted.

50. The floorboard was not safely fastened.

51. On August 21, 2023, Plaintiff Simon Soto was instructed to install seat brackets for the bleacher seats.

52. Plaintiff Simon Soto had no knowledge that a floorboard was left unbolted.

53. Plaintiff Simon Soto could not reasonably have been expected to discover the danger of the unbolted floorboard.

54. No one warned Plaintiff Simon Soto of the unbolted floorboard.

55. While Plaintiff Simon Soto was putting down seat brackets, he walked on one side of the unbolted floorboard, which caused the panel to shift, and caused him to fall approximately thirteen feet to the ground.

56. Plaintiff Simon Soto landed on his back.

57. Plaintiff Simon Soto immediately suffered excruciating back pain.

58. EMS arrived at the job site and found Plaintiff Simon Soto lying on his back under the bleachers.

59. EMS transported Plaintiff Simon Soto to Evanston Regional Hospital via ambulance.

60. Plaintiff Simon Soto was transferred to the University of Utah to be evaluated by a spine and back specialist where he had an MRI and other imaging.

61. Plaintiff Simon Soto was diagnosed with thoracic and lumbar burst fractures, a complete T11 burst fracture, fractures in his T1, T12, and L1, and several fractured ribs.

62. The University of Utah providers determined that operative intervention was necessary and performed a T9-L2 posterior instrumented fusion.

63. As a result of Defendants' negligence, Plaintiff Simon Soto has suffered devastating physical and traumatic emotional injuries.

64. At all times material, Plaintiff Simon Soto's conduct was subject to the control, direction, and/or supervision of Defendants Hanson Sports, Dant Clayton Corp., and Kevco.

65. As the general contractors, Defendants Hanson Sports and Dant Clayton Corp. retained control over the Uinta County job's bleacher installation.

66. Defendants Hanson Sports and Dant Clayton Corp. delegated their retained control to Kevco as the sub-contractor installer of the Uinta County job's bleacher installation.

67. Defendants Hanson Sports, Dant Clayton Corp., and Kevco were each responsible for providing and maintaining a safe work environment for all individuals, employees and contractors at the Uinta County job.

68. Defendants Hanson Sports, Dant Clayton Corp., and Kevco failed to maintain a safe work environment by ordering, authorizing, allowing, or otherwise directing the installation crews to put down unbolted floorboards which caused Plaintiff Simon Soto's injuries.

69. Defendants Hanson Sports, Dant Clayton Corp., and Kevco knew or should have known that laying down an unbolted floorboard was unreasonably dangerous.

70. It was reasonably foreseeable that individuals, employees and contractors at the job site, including Plaintiff Simon Soto, would walk on the unbolted floorboard and sustain personal injuries.

71. As a direct and proximate cause of the negligent acts and omissions of Defendants Hanson Sports, Dant Clayton Corp., and Kevco, Plaintiff Simon Soto suffered the damages outlined below in the "Damages" section of this Complaint.

### IV.  FIRST CAUSE OF ACTION—NEGLIGENCE
*Against All Defendants*

72. Plaintiffs incorporate and adopt by reference all facts and allegations above as though fully set forth herein.

73. At the time and place of the events described herein, Defendants Hanson Sports, Dant Clayton Corp., and Kevco owed Plaintiff Simon Soto a duty to act reasonably under the circumstances.

74. The duty of care owed by Defendants Hanson Sports, Dant Clayton Corp., and Kevco to Plaintiff Simon Soto was breached through their officers, directors, employees, agents, and/or independent contractor's negligent acts and omissions, including but not limited to:

   a. Negligently failing to ensure that the floorboards were bolted properly;
   b. Negligently failing to install or provide adequate safety measures;
   c. Negligently failing to develop and implement safe work policies and procedures;
   d. Negligently failing to provide and maintain a safe work environment;
   e. Negligently failing to meet standards of care required in the industry;
   f. Negligently failing to take reasonable precautions to protect employees from foreseeable dangers;
   g. Negligently failing to warn of the unsafe unbolted floorboards;
   h. Negligently failing to assume affirmative duties concerning the safety of the job site;
   i. Negligently failing to safely and properly hire, train, and supervise employees, agents, and/or independent contractors;
   j. Negligently failing to develop and/or enforce proper policies and procedures to ensure that the floorboards were safely bolted and secured; and
   k. Otherwise failing to act reasonably under the circumstances.

75. Defendants Hanson Sports, Dant Clayton Corp., and Kevco retained the right to direct the manner of work at the Uinta County job site.

76. Defendants Hanson Sports, Dant Clayton Corp., and Kevco assumed affirmative duties with respect to the safety at the Uinta County job site.

77. Defendants Hanson Sports, Dant Clayton Corp., and Kevco had a duty to exercise any retained control and undertake any affirmative safety duties in a reasonable manner so as to avoid causing Plaintiff's injuries and resulting damages.

78. At all times material, Defendants' officers, directors, employees, agents, and/or

independent contractors were acting within the course and scope of their employment and/or agency on behalf of Defendants Hanson Sports, Dant Clayton Corp., and/or Kevco.

79. Defendants Hanson Sports, Dant Clayton Corp., and Kevco are vicariously liable for the negligent acts and/or omissions of their officers, directors, employees, agents, and/or independent contractors acting within the course and scope of their employment and/or agency.

80. As a direct and proximate result of Defendants' acts, errors, and omissions, Plaintiff Simon Soto suffered and will continue to suffer extreme personal injuries and physical and emotional pain and suffering for which Defendants are responsible. Such damages are more particularly set forth in the section of this Complaint entitled "Damages."

## V. SECOND CAUSE OF ACTION—JOINT ENTERPRISE
*Against All Defendants*

81. Plaintiffs incorporate and adopt by reference all facts and allegations above as though fully set forth herein.

82. At the time of the incident on August 21, 2023, the management of Defendants' bleacher construction, management, and installation, and the failures identified in the First Cause of Action that injured Plaintiff, constituted a joint enterprise as follows:

   a. An agreement to work collectively to construct, manage, and install bleachers for the Uinta County fairgrounds;

   b. For a common purpose of bleacher installation for the Uinta County fairgrounds;

   c. For a common commercial, financial interest and/or profit motive among the Defendants;

   d. With each Defendant enjoying the equal right to control and direct the operation and/or management of the bleacher business.

83. Because Defendants were engaged in a joint enterprise, all Defendants are legally responsible for the negligence of other persons acting within the course and scope of the joint enterprise.

84. As a direct and proximate result of the negligent acts and/or omissions of Defendants occurring within the course and scope of a joint enterprise, Plaintiff suffered damages for which Defendants are responsible; such injuries are more particularly set forth in the section of this Complaint entitled "Damages."

## VI.    THIRD CAUSE OF ACTION—LOSS OF SPOUSAL CONSORTIUM
*Against All Defendants*

85. Plaintiffs incorporate and adopt by reference all facts and allegations above as though fully set forth herein.

86. Plaintiffs Simon Soto and Maria Soto are married and were married at all material times.

87. Prior to suffering physical and emotional injuries, Plaintiff Simon Soto was able to perform his work and services as a husband and was able to provide spousal affection, love, and guidance to his wife, Plaintiff Maria Soto.

88. As a result of Defendants' negligent acts and omissions, Plaintiff Simon Soto can no longer provide affection, protection, support, services, companionship, care, society, and other pleasures of his marital relationship to Plaintiff Maria Soto.

89. As a direct and proximate cause and result of Defendants' negligent acts and omissions, Plaintiff Maria Soto suffered and will continue to suffer the loss of her husband's care, affection, protection, support, services, companionship, care, society, and the pleasures of the marital relationship for which Defendants are liable and of which are set forth more fully in the "Damages" section of this Complaint.

## VII.   DAMAGES

90.     Plaintiffs incorporate and adopt by reference all facts and allegations above as though fully set forth herein.

91.     As a direct and proximate cause of the acts and/or omissions of the Defendants contained in this Complaint, Plaintiff sustained the following damages:

   a. Past and future loss of earnings and earning capacity in an amount to be proven at trial;

   b. Past and future medical expenses in an amount to be proven at trial;

   c. Past and future pain, suffering, and emotional distress in an amount to be proven at trial;

   d. Past and future loss of enjoyment of life in an amount to be proven at trial;

   e. Past and future disability and disfigurement in an amount to be proven at trial; and

   f. All allowable costs, expenses, and fees associated with this litigation.

92.     As a direct and proximate cause of the acts and/or omissions of the Defendants contained in this Complaint, Plaintiff Maria Soto is entitled to compensation and to recover the following damages from Defendants:

   a. The loss of affection, protection, support, services, companionship, care, society, and other pleasures of the marital relationship already experienced and reasonably probable to be experienced in the future in an amount to be proven at trial;

   b. All allowable costs, expenses, and fees associated with this litigation.

## VIII.   PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully request this Court enter judgment against the Defendants in an amount supported by the allegations of this Complaint and the evidence at trial as follows:

1. Judgment against the Defendants for general damages in an amount consistent with the allegations contained herein and to be proven at trial;

2. Judgment against the Defendants for special damages in an amount consistent with the allegations contained herein and to be proven at trial; and

3. Judgment for costs, interest, and such other and further relief as this Court deems just and equitable.

DATED this 10th day of July 2024.

                                        _____
R. Daniel Fleck (WSB # 6-2668)
Alicia B. Evans (WSB # 8-6907)
THE SPENCE LAW FIRM, LLC
15 S. Jackson St.
P.O. Box 548
Jackson, WY 83001
(307) 733-7290 | Fax: (307) 733-5248
fleck@spencelawyers.com
evans@spencelawyers.com

*Attorneys for the Plaintiff*